IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GERARD J. KEATING, JANET A. KEATING, FRANK R. KREJCI, JANE KREJCI, TIMOTHY PETERSON, LINDA PETERSON, DARYL BUTTERFIELD and MAKALA BUTTERFIELD, individually and on behalf of all persons similarly situated, | ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | 7:07CV5011 |
| v. | ) ) | |
| NEBRASKA PUBLIC POWER DISTRICT, NEBRASKA DEPARTMENT OF NATURAL RESOURCES, DENNIS L. RASMUSSEN, MARY A. HARDING, RONALD W. LARSEN, LARRY A. LINSTROM, DARRELL J. NELSON, EDWARD J. SCHROCK, KEN L. SCHMIEDING, GARY G. THOMPSON, LARRY G. KUNCL, VIRGIL L. FROEHLICH, WAYNE E. BOYD and ANN SALOMAN BLEED, in their official capacities, and DOES 1-100, | ) ) ) ) ) ) ) ) ) ) ) ) ) | MEMORANDUM OPINION |
| Defendants. | ) ) | |

This matter is before the Court on defendants Nebraska Public Power ("NPPD"), Dennis L. Rasmussen, Mary A. Harding, Ronald W. Larsen, Larry A. Linstrom, Darrell J. Nelson, Edward J. Schrock, Ken L. Schmeiding, Gary G. Thompson, Larry G. Kuncl, Virgil L. Froehlich and Wayne E. Boyd's motion to dismiss plaintiffs' first amended complaint (Filing No. 83) and defendants Nebraska Department of Natural Resources ("DNR") and

Ann Saloman Bleed's motion to dismiss (Filing No. 74) plaintiffs' first amended complaint.

Plaintiffs' first amended complaint ("FAC") asserts two claims:  first, that defendants violated plaintiffs' rights by taking property (water rights) without due process of law (FAC, ¶¶ 156-59), and second, plaintiffs contend that the actions of DNR and Ann Saloman Bleed were ultra vires and that NPPD had abandoned its water permits (FAC, ¶¶ 160-64).

Plaintiffs' due process claim should be dismissed because it is not yet ripe and because plaintiffs failed to exhaust the administrative remedies available to them prior to bringing this action.  This action is not yet ripe because no closing notice is in effect and the prior closing notice that was issued on May 1, 2007, was subsequently lifted.  Further, prior to the lifting of the prior notice, plaintiffs failed to avail themselves of the due process opportunities afforded when they failed to request a hearing within fifteen days under Neb. Rev. Stat. § 61-206(1) which states in relevant part, "If a final decision is made without a hearing, a hearing shall be held at the request of any party to the proceeding if the request is made within fifteen after the decision is rendered."  Under Nebraska law, "shall" is considered mandatory.  *See Neb. Rev. Stat.* § 49-802(1).  Thus, if any of the plaintiffs who received a May 1, 2007, closing notice had requested a hearing, they would have

received a hearing.  However, none of the plaintiffs availed themselves of this opportunity.

Even though plaintiffs failed to timely file a request for hearing before the DNR with respect to the May 1, 2007, closing notices, this was not the only due process afforded them. Title 454, Chapter 6 of the DNR's Rules of Practice and Procedure provided an opportunity to plaintiffs, to file a petition for declaratory order with the DNR.  Title 454, Chapter 6, allows any person to petition the agency "for issuance of a declaratory order as to the applicability to specified circumstances of a statute, rule, regulation or order which is within the primary jurisdiction of the agency."  Title 454, Chapter 6, 003.02. Chapter 6 further clarifies that declaratory orders may be requested to clarify the "appropriateness of the relation of the law to the person, property or state of facts, or its relevance under the circumstances given."  Title 454, Chapter 6, 003.03. Thus, plaintiffs are clearly entitled to seek a declaratory order from the DNR in regard to the closing notices, but have not done so.

The administrative procedures clearly provided plaintiffs with a process to challenge and review the actions of DNR in issuing the subject closing notices.

For the foregoing reasons, the Court finds it lacks jurisdiction to consider plaintiffs' first claim for relief.

The United States Supreme Court has stated that "certainly if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *United Mine Workers v. Gibb,* 383 U.S. 715, 726 (1996).  Dismissal of the state claims is not mandatory but is left to the district court's discretion. *Murray v. Wal-Mart, Inc.*, 874 F.2d 555, 558 (8th Cir. 1989). Nothing in this case indicates that the federal district court should retain jurisdiction over plaintiffs' state law ultra vires claim.  There has not been a substantial investment of judicial time or resources warranting federal jurisdiction.  With the federal claim dismissed, this action will be dismissed without prejudice to plaintiffs' state law ultra vires claim.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 1st day of August, 2007.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court