IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | |
|---|---|
| GERARD J. KEATING, FRANK R. KREJCI, JANE KREJCI, TIMOTHY PETERSON, LINDA PETERSON, DARYL BUTTERFIELD, MAKALA BUTTERFIELD, and JANET A. KEATING, each individually and on behalf of all persons similarly situated,<br><br>             Plaintiffs,<br><br>    v.<br><br>NEBRASKA PUBLIC POWER DISTRICT, NEBRASKA DEPARTMENT OF NATURAL RESOURCES, DENNIS L. RASMUSSEN, MARY A. HARDING, LARRY A. LINSTROM, DARRELL J. NELSON, EDWARD J. SCHROCK, KEN L. SCHMIEDING, GARY G. THOMPSON, LARRY G. KUNCL, WAYNE E. BOYD, VIRGIL L. FROEHLICH, RONALD W. LARSEN, BRIAN DUNNIGAN, and DOES 1-100, each in their official capacities,<br><br>             Defendants. | 7:07CV5011<br><br><br><br>MEMORANDUM AND ORDER |

       This matter is before the court on plaintiffs' motion to supplement the record (Filing No. 196). Plaintiffs desire to include in the record on appeal to the United States Court of Appeals for the Eighth Circuit a pretrial conference order issued in *In the Matter of 2007 Administration of the Appropriations of the Waters of the Niobrara River*, Docket No. 001-07CC, slip op. (Neb. Dep't of Natural Res., Water Div. 2-C June 10, 2010)

(hereinafter *Bond*).  Plaintiffs argue the pretrial conference order should be included in the record on appeal as evidence that the Department of Natural Resources' hearing processes are inadequate to protect plaintiffs' due process rights.

Subsequent to this Court's order and judgment on May 12, 2010, granting summary judgment in favor of defendants, the hearing officer in the *Bond* case issued the pretrial conference order at issue on June 10, 2010.  In the pretrial conference order, the hearing officer stated:

> NPPD's motion in limine to exclude evidence of whether the Spencer Hydro Facility wastes water through leakage and disrepair is sustained. The Appropriators/Petitioners [in the *Bond* case] specifically allege that the claim that NPPD has abandoned or statutorily forfeited its appropriation is based on the allegation that NPPD had not made a call prior to 2007; that NPPD did not object to the applications of the junior appropriators for permits; that NPPD failed to make lease payments; and that NPPD failed to take independent action to prevent diversion of water by the Appropriators/Petitioners. [Citation].  There is nothing in the Request for Hearing that would put NPPD on notice that the Appropriators/Petitioners were making the allegation that NPPD had abandoned or statutorily forfeited its appropriation because it wasted water through leakage and disrepair.

(Pretrial Conference Order, Filing No. 198, at CM/ECF 7).

-2-

Although plaintiffs failed to identify the authority on which they base their motion to supplement, the Court surmises the motion is based on Fed. R. App. P. 10(e)(1).[1] Rule 10(e)(1) provides "[i]f any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by that court and the record conformed accordingly." Fed. R. App. P. 10(e)(1); *see also Badami v. Flood*, 214 F.3d 994, 998-99 (8th Cir. 2000). The purpose of Rule 10(e)(1) is to supplement the record, and "not to supply . . . [a] new record never before the District Court and never considered by it." *United States v. First Nat'l State Bank of New Jersey*, 616 F.2d 668, 671 n.4 (3d Cir. 1980). If the record on appeal adequately reflects what occurred before the district court, supplementation of the record is improper. *See United States v. Gammage*, 580 F.3d 777, 779 (8th Cir. 2009) (refusing to supplement record on appeal); *United States v.*

---

[1] It is possible plaintiffs base their motion to supplement the record on Fed. R. Civ. P. 60(b). Under Rule 60(b), the record may be supplemented after a granting of summary judgment if "the [newly arisen] evidence is of such a character that it would probably change the outcome of the proceedings." *McNeil v. Nat'l Football League*, 777 F. Supp. 1475, 1478 (D. Minn. 1991). The Court finds plaintiffs' motion was not made pursuant to Rule 60(b), as plaintiffs have not sought relief in this Court from the Court's judgment in light of the pretrial conference order entered in the *Bond* case. Rather, plaintiffs seek relief from the Court of Appeals. Further, even if a motion to supplement pursuant to Rule 60(b) was the proper basis for the motion to supplement, the Court would likely find the pretrial conference order would not have changed the outcome of the proceeding, thus still resulting in record supplementation being improper.

*Patterson*, 140 F.3d 767, 770 n.2 (8th Cir. 1998) (denying motion to supplement record on appeal); *Moad v. Ark. State Police Dept.*, 111 F.3d 585, 587 (8th Cir. 1997) (denying motion to supplement record on appeal when party moved to include state court ruling that potentially limited the party from seeking redress from any court).

The pretrial conference order plaintiffs now offer was entered in the *Bond* case after this Court filed the memorandum opinion and order and judgment granting summary judgment in defendants' favor. Because the pretrial conference order was not filed until after this Court had made its ruling, the Court necessarily could not have considered the pretrial conference order in its decision. Therefore, inclusion of the pretrial conference order in the record on appeal is improper because it would not "truly disclose what occurred in the district court." Further, from the Court's review of plaintiffs' evidentiary submissions, it appears the hearing officer excluded evidence pertaining to alleged waste of water at Spencer Dam not in an effort to "manipulate[] the judicial process" (Plaintiffs' Brief, Filing No. 197, at 5), but rather because the junior appropriators in *Bond* failed to plead waste of water as a grounds for invalidating NPPD's appropriation permits. Accordingly,

IT IS ORDERED that plaintiffs' motion to supplement the record (Filing No. 196) is denied.

DATED this 20th day of July, 2010.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court